[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant appellant, James Grant, was found guilty by a jury of four counts of involuntary manslaughter, one count of aggravated burglary, two counts of aggravated robbery, three counts of kidnapping, and ten accompanying gun specifications. The trial court sentenced Grant to ten years in prison on the merged involuntary-manslaughter counts, to ten years in prison on each of the remaining six counts, and to three years in prison on the merged gun specifications, for a total prison sentence of seventy-three years.
On March 23, 2001, this court affirmed the judgment in part and remanded the case to the trial court for further sentencing proceedings.[1] We held that the aggravated robbery and kidnapping of victim Darrick Frazier should have merged for sentencing purposes. Likewise, the aggravated robbery and kidnapping of victim Steven Franklin should have been merged for sentencing purposes. We also concluded that the trial court did not make the requisite statutory findings for imposing maximum and consecutive sentences.
On remand, the trial court sentenced Grant to fifty-three years in prison. During the sentencing hearing, the trial court merged the appropriate counts and imposed maximum consecutive sentences on the remaining counts. Grant appeals those sentences, asserting two assignments of error. Because we find neither assignment of error to be well taken, we affirm the judgment of the trial court.
In his first assignment of error, Grant argues that the trial court erred in imposing maximum sentences for each of the offenses and in making those sentences consecutive. He contends that the trial court failed to provide adequate reasons for its findings and that its findings were unsupported by the evidence. We disagree.
To impose the maximum sentence, a trial court must make one of the following findings: (1) that the defendant has committed the worst form of the offense; (2) that the defendant poses the greatest likelihood of committing future crimes; (3) that the defendant is a repeat violent offender; or (4) that the defendant is a major drug offender.[2] The trial court must also state on the record the reasons supporting its finding.[3]
To impose consecutive sentences, a trial court must find that consecutive sentences are necessary to protect the public or to punish the offender. The trial court must also make one of the additional findings listed in R.C. 2929.14(E)(3)[4] and provide its reasoning for those findings.[5]
Grant concedes that the court made the requisite findings on the record and marked the appropriate boxes on the checklist to impose maximum sentences. But he contends that the trial court did not provide adequate reasons why he had committed the "worst forms of the offenses" and why he posed the "greatest likelihood of committing future crimes." He further argues that neither finding was supported by the evidence.
During the sentencing hearing, the trial court reviewed the facts of the case and the presentence-investigation report. The court noted that Grant was the ring leader in the offenses and had a reputation as a "drug robber." It stated that the victim, whom Grant had shot, had suffered serious physical, psychological, or economic harm. The court next stated that none of the less serious factors under R.C. 2929.12(C) applied to Grant. The court then found that recidivism was likely because Grant, who was only nineteen years old at the time of the sentencing, had eleven prior misdemeanor offenses, seven traffic offenses and forty-nine adjudications as a juvenile. The court further found that Grant had no remorse. The court then sentenced Grant to the maximum term of incarceration for each offense. It found that Grant had committed the worst forms of the offenses and that he posed the greatest likelihood of committing future crimes.
Under R.C. 2929.14(C), a trial court need only make one of the listed findings. Here the trial court made two findings. It not only found that Grant had committed the worst forms of the offenses, but it also found that he posed the greatest likelihood of recidivism. The court then noted that Grant had been convicted for numerous misdemeanor offenses and been adjudicated delinquent numerous times as a juvenile. Because the record clearly supports the trial court's finding that Grant possessed the greatest likelihood of recidivism, his first argument is without merit.
Grant also challenges the trial court's imposition of consecutives sentences as being unsupported by the record. We disagree.
Our review of the record reveals that the trial court made the required findings for imposing consecutive sentences and gave reasons that supported those findings. In addition to its notations on the felony sentencing worksheet, the trial court stated from the bench that consecutive prison terms prison terms were necessary to protect the public from future crime and to punish Grant. The trial court further found that consecutive sentences were not disproportionate to the seriousness of the crimes. It additionally found that the physical and psychological harm to the victims was so great that a single prison term would not be adequate.
These findings, combined with the court's comments on Grant's participation in the offenses, as well as his criminal history, were sufficient to justify consecutive sentences. Because the trial court's imposition of maximum and consecutive sentences was clearly and convincingly supported by the record, we overrule the first assignment of error.
In his second assignment of error, Grant contends that the trial court violated his due-process rights during sentencing because it substituted its personal fears for its family's safety for the statutory sentencing factors. Grant argues that the court based its sentence, at least in part, on its fear that Grant might harm its daughters. We disagree.
The Ohio Supreme Court has held that a court may violate a defendant's due-process rights when it imposes a sentence that is based on improper considerations.[6] A court, however, is not required to divorce itself from all personal experiences and make its decision in a vacuum.[7] A sentencing court's personal considerations do not violate a defendant's due-process rights, when the court's comments are merely an expression of outrage at the great harm and tragic effects brought to the community by the defendant's crimes.[8]
 Our review of the record reveals that the trial court, after making the statutorily required findings, remarked,
 I don't see any reason on God's green earth not to give you the maximum sentence. As I said before I'll say it again you're Exhibit A as to why we need maximum consecutive sentences. I hope with all my heart that you are in excess of 70 years old when you get out of the State penitentiary.
 I'll probably be dead by then. But one thing my daughters won't have to worry about in the next 50 years is you. They may have everything else to worry about, but one of the predators they will not have to worry about will be you.
 Given that these remarks were made after the court had made all the requisite findings to justify the imposition of maximum and consecutive sentences, we fail to see how they prejudiced Grant. Furthermore, it appears that the court's reference to its family was merely indicative of its concern for the general public and not for any specific desire to protect its daughters. Given that the trial court's reference to its daughters did not result in a violation of Grant's right to a fundamentally fair sentencing hearing, we overrule the second assignment of error. Because we find none of Grant's assignments to be well taken, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] State v. Grant (Mar. 23, 2001), 1st Dist. No. C-971001.
[2] R.C. 2929.14(A)(C).
[3] R.C. 2929.19(B)(2)(d); State v. Edmonson, 86 Ohio St.3d 324,328-29, 1999-Ohio-110, 715 N.E.2d 131.
[4] R.C. 2929.14(E)(4).
[5] R.C. 2929.19(B)(2).
[6] State v. Arnett, 88 Ohio St.3d 208, 217-223, 2000-Ohio-302,724 N.E.2d 793.
[7] See id. at 216.
[8] See id. at 220.